The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Bost. The appealing party has shown good grounds to reconsider the evidence. The Full Commission accordingly adopts in part and modifies in part the Opinion and Award of the Deputy Commissioner with modifications of plaintiff's entitlement to additional disability benefits and attorney's fees.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as
 STIPULATIONS
1. All stipulations contained in the Pre-Trial Agreement are received into evidence.
2. Employee is Rodney Crisco.
3. Employer is ROCOR International.
4. Claim Identity Services is the third party administrator on the claim.
5. Employer regularly employed three or more employees in the State of North Carolina at the time of the alleged injury by accident.
6. Subsequent to the hearing before the Deputy Commissioner, a set of medical records were submitted and marked as exhibit 14 and received into evidence. The deposition of Dr. Mark Foster is a part of the evidentiary record.
 ***********
All objections contained in the deposition of Dr. Foster are ruled upon in accordance with the law and the Opinion and Award in this matter.
 ***********
Based upon the evidence of record, the Full Commission adopts in part and modifies in part the findings of fact found by the Deputy Commissioner and finds as fact the following
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was a thirty-six year old who was approximately 6 foot tall and weighed 400 pounds. Plaintiff had earned a high school degree prior to his employment with the defendant-employer.
2. Prior to 27 December 1996, plaintiff had sustained a fifteen percent permanent partial disability to his back.
3. On 27 December 1996, there was an employee-employer relationship between plaintiff and defendant-employer.
4. On 27 December 1996, plaintiff was performing his regular job duties in the state of North Carolina as a truck driver for defendant-employer unloading a trailer when the landing dolly popped out of gear causing him to twist and injure his back.
5. Since 27 December 1996, plaintiff has not returned to work. Since the outset of his injury, plaintiff has been eligible and has received the maximum monthly benefits under the federal Social Security Disability program. In addition to these benefits, plaintiff received weekly compensation payments in the amount of $295.68 per week until 11 January 1999. On 11 January 1999, the Workers' Compensation Court of Oklahoma denied plaintiff's claim for compensation based upon the conclusion that it had no jurisdictional authority over plaintiff's claim.
6. Defendant stopped paying benefits to plaintiff following the 11 January 1999 decision by the Workers' Compensation Court of Oklahoma.
7. Dr. Foster first saw plaintiff on 22 April 1997 and diagnosed him with back pain and post-laminectomy syndrome. On 12 May 1997, Dr. Foster diagnosed plaintiff with a bulging disc at L4-5 as a result of his injury by accident and stated that plaintiff was unable to return to work as a truck driver. At this visit, plaintiff complained of audible popping in his back. On 19 November 1997, plaintiff returned to Dr. Foster complaining of increased back pain which may have been in part due to deconditioning after unrelated kidney surgery but nevertheless a direct and natural consequence of plaintiff's injury by accident. Although plaintiff was rated at maximum medical improvement as of 9 December 1997 with an additional 3% permanent partial impairment, the greater weight of the evidence including plaintiff's subsequent surgery for the bulging disc at L4-5 on 12 June 1998 demonstrates that plaintiff had not reached maximum medical improvement in December of 1997.
8. As of 9 December 1997, plaintiff was permanently unable to return to work as a truck driver with defendant-employer. Although plaintiff may have been able to perform sedentary work as of 9 December 1997, he continued to have difficulties for which surgery became necessary. Defendant has failed to prove that suitable employment existed which plaintiff could have obtained as of 9 December 1997.
9. Plaintiff presented at New Hanover Regional Medical Center with complaints of low back pain on 15 January 1997 after rolling over in bed and feeling a painful pop in his low back. The consequences of this incident, if any, are a direct and natural result of plaintiff's compensable injury by accident. On 16 January 1997, plaintiff was seen by Dr. Foster with additional back complaints and an MRI was ordered which revealed the disc herniation, which was surgically treated on 12 June 1998.
10. Plaintiff's inability to earn wages after 15 January 1997 continues to be the result of the 27 December 1996 work-related injury.
11. The herniated disc surgically treated by Dr. Foster was a direct and natural result of the 27 December 1996 work-related injury.
12. Although no Form 21, 60 or 62 was received into evidence in this matter, defendant accepted this matter as compensable in Oklahoma and has disputed only the issue of jurisdiction and the extent of plaintiff's disability.
13. On approximately 11 October 1996, plaintiff entered into an employer-employee relationship with the defendant-employer. During the twelve-week period beginning 11 October 1996 through 27 December 1996, plaintiff earned $5,586.74. On 27 December 1996, plaintiff's average weekly wage was $465.56 yielding a weekly compensation rate of $310.52.
14. As a result of the 27 December 1996 work-related injury, plaintiff has been unable to earn any wages in any employment beginning 27 December 1996 and continuing.
15. Plaintiff has not reached maximum medical improvement.
16. Defendant's defense of this claim has been unreasonable and based on stubborn and unfounded litigiousness.
 ***********
Based upon the foregoing findings of fact, the Full Commission concludes as follows
 CONCLUSIONS OF LAW
1. The parties are subject to the North Carolina Workers' Compensation Act. Defendant admitted that it employed three or more persons in North Carolina at the time of plaintiff's injury and the injury by accident occurred within North Carolina. N.C.G.S. § 97-3; § 97-13(b).
2. On 27 December 1996, plaintiff sustained an injury by accident to his back arising out of and in the course of his employment with defendant-employer. N.C.G.S. § 97-2(6).
3. Although there was no evidence presented that a Form 21, 60 or 62 was filed in this matter, defendant accepted this case as compensable in Oklahoma and never contested the issue of compensability in North Carolina but raised instead the issue of jurisdiction and the issue of the extent of plaintiff's disability. The greater weight of the evidence of record demonstrates that plaintiff has shown he is temporarily totally disabled beginning 27 December 1996 and continuing until he returns to work at the same or greater wage or until further order of the Commission. However, plaintiff has failed to show by the greater weight of the evidence that he is permanently and totally disabled. N.C.G.S. § 97-29.
4. Plaintiff's average weekly wage is $465.56 yielding a weekly compensation rate of $310.52. N.C.G.S. § 97-2(5).
5. Plaintiff is entitled to receive temporary total disability compensation beginning 27 December 1996 and continuing until he returns to work at the same or greater wage or until further order of the Commission at a weekly compensation rate of $310.52. Plaintiff has received weekly compensation payments in the amount of $295.68 per week from 27 December 1996 until 11 January 1999. Therefore, defendant is entitled to a credit for the amount already paid. N.C.G.S. § 97-29; § 97-42.
6. Plaintiff has not yet reached maximum medical improvement. N.C.G.S. § 97-31.
7. Subject to the limitations of N.C.G.S. § 97-25.1, plaintiff is entitled to have the defendant provide all reasonably necessary medical treatment arising from his injury by accident to the extent it tends to effect a cure, give relief or lessen plaintiff's disability, including the surgery of 12 June 1998. N.C.G.S. § 97-25.1; § 97-25.
8. Plaintiff is entitled to a reasonable attorney's fee in the amount of 25% of all accrued unpaid amounts from 11 January 1999 until the filed date of this Opinion and Award and thereafter in the amount of 25% of plaintiff's ongoing temporary total disability for defendant's unreasonable defense. These amounts for attorney's fees are in addition to and shall not diminish plaintiff's award of compensation. N.C.G.S. § 97-88.1.
 ***********
Based upon the foregoing stipulations, findings of fact and conclusions of law, the Full Commission enters the following
 AWARD
1. Defendant shall pay, subject to a credit for compensation already paid in the amount of $295.68 per week from 27 December 1996 until 11 January 1999, temporary total disability compensation at a weekly compensation rate of $310.52 beginning 27 December 1996 and continuing until plaintiff returns to work at the same or greater wage or until further order of the Commission. All accrued amounts shall be paid in one lump sum.
2. Subject to the limitations of N.C.G.S. § 97-25.1, defendant shall pay for all reasonably necessary medical expenses arising from plaintiff's injury by accident to the extent it tends to effect a cure, give relief or lessen the period of plaintiff's disability, including the surgery of 12 June 1998.
3. For the unreasonable defense of this claim, defendant shall pay directly to plaintiff's counsel a reasonable attorney's fee in the amount of 25% of all accrued unpaid amounts from 11 January 1999 until the filed date of this Opinion and Award and thereafter in the amount of 25% of plaintiff's ongoing temporary total disability for defendant's unreasonable defense. These amounts for attorney's fees are in addition to and shall not diminish plaintiff's award of compensation.
4. Defendant shall pay, if not already paid, an expert witness fee in the amount of $400.00 to Dr. Foster.
5. Defendant shall pay the costs due the Commission.
This the ___ day of October 2001.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/____________ BUCK LATTIMORE CHAIRMAN
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER